UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | No. 3:09-MJ-2024 |
| V. ) | (GUYTON) |
| ) | |
| ) | |
| ANTHONY GEORGE JOHNSON, aka ) | |
| MICHAEL ARTHUR GANTT ) | |

ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO BAIL REFORM ACT

A initial appearance on was held in this case on April 6, 2009. Will Mackie, Assistant United States Attorney, was present representing the government, and Jonathan Moffatt, Assistant Federal Defender, was present representing the defendant. The Government moved for detention based on risk of flight. Counsel for the defendant stated that the defendant wished to waive his right to a preliminary hearing and a detention hearing at this time, and reserve the right to have a hearing at a later date, if appropriate. Defendant acknowledged the same and pursuant to the defendant signing a Waiver of Preliminary Hearing and a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated they had no objections. The defendant was present and stated that he knew he would remain in jail pending trial. For good cause, and by agreement of the defendant, this detention hearing is waived and the defendant is detained.

The defendant is aware of his rights to a prompt detention hearing and to

require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. The defendant knows that if his detention hearing is waived he will remain in custody while it is continued. The defendant acknowledged in open court that he understands his rights and the consequences of waiving his detention hearing.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1) Defendant be detained.;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

　　s/C. Clifford Shirley, Jr.　
United States Magistrate Judge